IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| JEFFREY B. TRAUGHBER as administrator of THE ESTATE OF ERIN SCHUTT, <br><br>Plaintiff, <br><br>vs. <br><br>SUN LIFE FINANCIAL (U.S.) SERVICES COMPANY, INC. d/b/a SUN LIFE FINANCIAL, <br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 1:18-cv-36-GNS |

**NOTICE OF REMOVAL**

TO: THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, BOWLING GREEN DIVISION

Comes now defendant, Sun Life Financial (U.S.) Services Company, Inc. d/b/a Sun Life Financial and Sun Life Assurance Company of Canada, the necessary defendant herein under Fed.R.Civ.P. 19 (collectively referred to as "Sun Life"), and respectfully notify this Court of the removal of the above-styled cause from the Todd Circuit Court, Todd County, Kentucky, to the United States District Court for the Western District of Kentucky, Bowling Green Division, pursuant to 28 U.S.C. §1331, §1332, §1367, §1441, and 29 U.S.C. §1132, and say as follows:

I.

This action is being removed to federal court based upon the following alternative federal jurisdictional bases: federal question jurisdiction under 28 U.S.C. §1331 and under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. (hereafter "ERISA"); diversity of citizenship under 28 U.S.C. §1332; and supplemental jurisdiction under 28 U.S.C. §1367.

II.

On or about February 27, 2018, Plaintiff filed in the state court the above-entitled civil action, bearing Cause No. 18-CI-00021 in the records and files of that Court.

III.

The aforesaid state court action is a suit of a wholly civil nature of which the United States District Court for the Western District of Kentucky, Bowling Green Division, has original jurisdiction under 28 U.S.C. §1331, §1332, §1367, and 29 U.S.C. §1132(e)(1), and is one that may be removed by petitioner pursuant to 28 U.S.C. §1441(a) and (b).

IV.

This Court has federal question jurisdiction over the action because Plaintiff, as the representative of an alleged participant in an employee welfare benefit plan, seeks recovery of benefits and other relief under said employee welfare benefit plan. The plan is controlled by ERISA:

    a.    Plaintiff seeks accidental death benefits under an employee welfare benefit plan that was sponsored by Metalsa Structural Products, Inc. for its eligible employees. At all times relevant hereto, the employer established and/or maintained an employee welfare benefit plan and plaintiff's decedent was covered under said employee welfare benefit plan, and, as such, was a participant under said employee welfare benefit plan and plaintiff alleges that the decedent's estate is a beneficiary under said plan;

    b.    The plan is one established or maintained by an employer as defined by ERISA, 29 U.S.C. §1002(5). That section defines an employer as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan . . . .";

    c.    The plan was established and is maintained for, among other things, the purpose of providing, among other things, accidental death insurance benefits for participants and/or beneficiaries of the plan;

    d.      The plan was and is therefore an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1);

    e.      Plaintiff's claim is one for recovery of benefits and other relief under said employee welfare benefit plan; and

    f.      Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants and beneficiaries to recover benefits or other relief under employee welfare benefit plans.

### V.

In addition or alternatively, this Court has subject matter jurisdiction over this matter because this is an action between citizens of different states and/or between the citizen and subject of a foreign state and a citizen of a state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Among other things, plaintiff's complaint seeks accidental death insurance benefits. Although no amount is specified on the face of the complaint, plaintiff has made a claim for said benefits in an amount exceeding $225,000.00, and also seeks other unspecified damages. *See* Declaration of Kevin Haarstick, attached hereto as Exhibit "A." Thus, although defendant denies that plaintiff is entitled to any remedy herein, much less the remedy sought in his complaint, the amount sought by plaintiff and put at issue in this case exceeds the statutory minimum of $75,000.00. Plaintiff's decedent was a citizen of the State of Kentucky, so Plaintiff is deemed a citizen of the State of Kentucky pursuant to 28 U.S.C. §1332(c)(2). Defendant Sun Life Assurance Company of Canada is a Canadian corporation with its principal place of business in Ontario, Canada and its principal place of business in the United States located in the Commonwealth of Massachusetts. Sun Life Financial (U.S.) Services Company, Inc., which is not the correct party to this action, is incorporated in the State of Delaware and has its principal place of business in the Commonwealth of Massachusetts.

## VI.

In addition and alternatively, this Court has federal question jurisdiction under ERISA of this matter and, to the extent this Court should determine that any of plaintiff's claims are not preempted by ERISA, this Court would have supplemental jurisdiction over such claims because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## VII.

This action is therefore one of which the United States District Court for the Western District of Kentucky, Bowling Green Division, has original federal question jurisdiction under 28 U.S.C. §1331 and 1441(a), as well as 29 U.S.C. §1132, diversity of citizenship jurisdiction under 28 U.S.C. §1332(a)(1) and (a)(2) and §1441(b), and/or supplemental jurisdiction under 28 U.S.C. §1367 and this action may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441(a) and (b). Todd County, Kentucky is within the venue of the Bowling Green Division of the United States District Court for the Western District of Kentucky.

## VIII.

This petition is being filed pursuant to 28 U.S.C. §1446 within thirty (30) days of service of the initial pleading in which a removable claim is asserted, and is removable in that:

    a.    The time for filing this petition under 28 U.S.C. §1446 has not expired;

    b.    Plaintiff artfully crafted his pleading based wholly upon state law causes of action, claims and/or theories of recovery; and

    c.    In the companion cases of *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987), and *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41 (1987), the United

      States Supreme Court established that state law claims such as those asserted by plaintiff herein are preempted by ERISA, in that ERISA, 29 U.S.C. §1132, provides the plaintiff's exclusive cause of action and displaces entirely any state cause of action, thus rendering plaintiff's case, however pleaded, exclusively a federal question case removable to this Court;

d.    The parties are citizens of different states and/or a citizen or subject of a foreign state and a citizen of a state and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;

e.    To the extent any of plaintiff's claims are governed by state law, this Court has supplemental jurisdiction over such claims.

IX.

Therefore, defendant files this Notice of Removal of this action from the Circuit Court of Todd County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky, Bowling Green Division. There are attached to this notice, marked Exhibit "B" and incorporated by reference, true and correct copies of all process, pleadings, and orders served upon defendant in this action.

**WHEREFORE,** defendant notifies this Court of the removal of this action from the Circuit Court of Todd County, Kentucky to the United States District Court for the Western District of Kentucky, Bowling Green Division.

      Respectfully submitted,

      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

      By: _s/ Kevin E. Roberts_
      Kevin E. Roberts, KY Bar No. 96835
      111 Monument Circle, Suite 4600

>Indianapolis, IN 46240
>Ph.: (317) 916-1300
>kevin.roberts@ogletree.com
>ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *NOTICE OF REMOVAL* was filed electronically on March 23, 2018 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

>Harold M. Johns
>Mark D. Collins
>Lora Lee Robey
>hmjohns@johnslawfirm.com

I further certify that service was made on the following non-registered ECF counsel of record by placing copies of the foregoing *NOTICE OF REMOVAL* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

>Harold M. Johns, Esq.
>Mark D. Collins, Esq.
>Lora Lee Robey, Esq.
>Law Offices of Harold M. Johns
>12 Public Square
>P.O. Box 746
>Elkton, KY 42220

>*s/ Kevin E. Roberts*
>Kevin E. Roberts

33415045.1